Filed 9/13/16  P. v. Silva CA3

## NOT TO BE PUBLICATION

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080378 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F01466) |
| v. | |
| CARLOS ALBERTO SILVA, | |
| Defendant and Appellant. | |

A jury found defendant Carlos Alberto Silva guilty of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and burglary (§ 459).  In a bifurcated proceeding, the trial court found true the special allegations that defendant had

---

[1] Undesignated statutory references are to the Penal Code.

served two prior prison terms. (§ 667.5, subd. (b).) The trial court sentenced defendant to an aggregate term of six years in state prison. The trial court also awarded victim restitution in the amount of $1,200.

On appeal, defendant contends the trial court erred in awarding victim restitution.[2] We agree and modify the judgment accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

In light of the limited issue raised on appeal, we recite only those facts relevant to the resolution of this appeal. Around 1:00 a.m. on March 8, 2015, defendant forcibly entered the front door of Hostelling International USA, a youth hostel in downtown Sacramento. Defendant, who later tested positive for methamphetamine, was able to gain entry to the hostel by aggressively pulling on the front door until he defeated the electromagnetic locking system. Once inside, defendant ran toward the manager of the hostel and attempted to tackle him. As defendant was wrapping his arms around the manager, his head hit the manager's chin. The manager also hurt his hand during the altercation. Eventually, defendant was removed from the hostel and arrested.

At trial, the manager of the hostel testified that the electromagnetic locking system was designed to release when force in excess of 300 pounds was applied so that police officers and/or fire fighters could gain entry in the event of an emergency. Although the locking system continued to work after defendant's forceful entry, the hostel decided to install a new security system at a cost of $1,200.

The jury found defendant guilty of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) and burglary (§ 459). In a bifurcated proceeding,

---

[2] Defendant also contends that the abstract of judgment contains errors that must be corrected. However, because the trial court has issued an amended abstract of judgment correcting these errors, this issue has become moot.

the trial court found true the special allegations that defendant had served two prior prison terms. (§ 667.5, subd. (b).) The trial court sentenced defendant to an aggregate term of six years in state prison. The trial court also ordered, among other things, victim restitution in the amount of $1,200 to compensate the hostel for the economic loss it incurred in installing a new security system.

Defendant filed a timely notice of appeal.

## DISCUSSION

### 1.0    Victim Restitution

Defendant contends the trial court erred in awarding victim restitution in the amount of $1,200. According to defendant, the trial court's restitution order granted an improper windfall to the hostel because he did not damage the hostel's security system.[3]

The California Constitution provides that crime victims have a right to restitution when they suffer losses as a result of criminal activity. (Cal. Const., art. I, § 28, subd. (b)(13); see *People v. Giordano* (2007) 42 Cal.4th 644, 652 (*Giordano*).) This constitutional mandate is implemented by section 1202.4. (See *Giordano*, at p. 656.) It provides, in relevant part, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution unless it finds compelling and extraordinary reasons for

---

[3] At sentencing, defendant did not object to the amount of the restitution awarded. Instead, defendant argued, as he does on appeal, that the restitution award was improper (i.e., unauthorized) because he did not damage the hostel's security system.

3

not doing so and states them on the record. . . ." (§ 1202.4, subd. (f).) "Restitution under this provision 'shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to' a list of enumerated items, including medical care, losses to property, and even security measures. (§ 1202.4, subd. (f)(3).)" (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.)

When calculating the amount of restitution, the court must " 'use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' " (*People v. Mearns* (2002) 97 Cal.App.4th 493, 498.) The amount of restitution must have a " 'factual and rational basis.' " (*Id*. at p. 499.) "We review a restitution order for an abuse of discretion." (*Id*. at p. 498.) "An order resting upon a ' "demonstrable error of law" ' constitutes an abuse of the court's discretion." (*People v. Busser* (2010) 186 Cal.App.4th 1503, 1508.)

Both the People and defendant note the enumerated category of the statute that provides for recovery of expenses related to an installation of or increase in residential security, including a home security device or system. (§ 1202.4, subd. (f)(3)(J).)[4] The parties acknowledge that this provision is not directly applicable because it specifically refers to expenses related to the commission of a violent felony. (See fn. 4, *ante*.) However, the People argue that while victim restitution is not mandatory in this case, the trial court was authorized to compensate the hostel for a loss that is not specifically enumerated in the statute because the list of items in section 1202.4, subdivision (f)(3) is a nonexclusive list.

---

[4] Section 1202.4 expressly authorizes reimbursement of a victim's "[e]xpenses to install or increase residential security incurred related to a violent felony, as defined in subdivision (c) of Section 667.5, including, but not limited to, a home security device or system, or replacing or increasing the number of locks." (§ 1202.4, subd. (f)(3)(J).)

The People are correct that section 1202.4, subdivision (f)(3) sets forth a nonexclusive list of losses that may be the subject of a restitution order. But the People's argument fails to address the dispositive question here—that is, where the Legislature has drafted a statute that contains subparagraphs enumerating a nonexclusive list, is it consistent with legislative intent to override limitations expressly contained within one of the subparagraphs? As we shall explain, we conclude it is not.

When the propriety of a restitution order turns on the interpretation of a statute, a question of law is raised and we review the matter de novo. (*In re Tommy A*. (2005) 131 Cal.App.4th 1580, 1586.) As with all questions of statutory interpretation, our task is to determine the intent of the Legislature. There are at least two principles of statutory construction available to assist us in that inquiry here. First is the maxim *expressio unius est exclusio alterius*, "under which 'the enumeration of things to which a statute applies is presumed to exclude things not mentioned.' " (*Gonzalez v. Santa Clara County Dept. of Social Services* (2014) 223 Cal.App.4th 72, 89-90.)

In subdivision (f)(3)(J) of section 1202.4, the Legislature specifically provided that "[e]xpenses to install or increase residential security" qualify as a compensable economic loss for purposes of victim restitution when those expenses are "incurred related to a violent felony, as defined in subdivision (c) of Section 667.5." Implicit in this provision is the expression of legislative intent that expenses to install or increase security are *not* compensable as victim restitution when they are incurred as a result of a crime that is *not* a violent felony as defined in subdivision (c) of section 667.5. While "*expressio unius est exclusio alterius* is no magical incantation, nor does it refer to an immutable rule," it "should be applied 'where appropriate and necessary to the just enforcement of the provisions of a statute.' " (*Estate of Banerjee* (1978) 21 Cal.3d 527, 539.)

That leads us to the second applicable principle of statutory construction—that "[s]ignificance should be given, if possible, to every word, phrase, sentence and part of

5

an act." (*People v. Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 638.)  If we were to read the phrase at the beginning of subdivision (f)(3) of section 1202.4—"including, but not limited to, all of the following"—as allowing victim restitution for "[e]xpenses to install or increase residential security" that are incurred related to *any* crime, notwithstanding the specific reference in section 1202.4, subdivision (f)(3)(J) to violent felonies as defined in subdivision (c) of section 667.5, then we would essentially render that specific reference superfluous.  Of course, "interpretations which render any part of a statute superfluous are to be avoided." (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1207.)  The only way to give meaning to all parts of section 1202.4, subdivision (f)(3)(J), and to avoid a construction that renders part of that provision superfluous, is to construe the reference to violent felony as defined in subdivision (c) of section 667.5 as *limiting* the circumstances in which victim restitution is available for expenses to install or increase residential security.

We recognize that "an exception [to a general power] should not be construed to limit the general power except to the extent that it clearly does so." (*Hurst v. City & County of San Francisco* (1949) 33 Cal.2d 298, 301.)  Here, however, by specifically referencing the definition of "violent felony" in subdivision (c) of section 667.5, the provision in section 1202.4, subdivision (f)(3)(J) does clearly limit victim restitution for expenses to install or increase residential security to those cases involving a violent felony.

Finally, even assuming victim restitution is not prohibited as a matter of law by statute, we conclude that the trial court abused its discretion in awarding victim restitution because the hostel's installation of a new security system is not a reimbursable economic loss incurred as a result of defendant's criminal conduct.  The primary purpose of restitution is to restore the economic status quo by reimbursing the victim for any *losses* suffered as a result of the defendant's conduct. (*Giordano*, *supra*, 42 Cal.4th at

6

p. 658.) Thus, restitution is limited to the amount necessary to make the victim whole. (*People v. Fortune* (2005) 129 Cal.App.4th 790, 794-795.) The Legislature may have determined that the victim of a violent felony is left feeling so vulnerable that the installation or increase in residential security is a necessary element of making the victim whole again. However, this is not so where, as here, a defendant is not convicted of a violent felony and the existing security system is not damaged as the result of the defendant's criminal conduct. The installation of a new security system may well have been a prudent step by the hostel management, but to award that by way of restitution would leave the hostel better off, and thus constitutes an improper windfall. Accordingly, the trial court erred in awarding the value of the new security system as victim restitution. (See *People v. Busser*, *supra*, 186 Cal.App.4th at p. 1510 ["Victims are only entitled to an amount of restitution so as to make them whole, but nothing more, from their actual losses arising out of the defendant['s] criminal behavior."]; see also *People v. Millard* (2009) 175 Cal.App.4th 7, 28 ["a restitution order 'is not . . . intended to provide the victim with a windfall' "].)

**2.0    Application to Stay Victim Restitution Order**

On August 2, 2016, defendant filed an application with this court to stay execution of the direct restitution order pending this appeal. His application includes a showing that he first sought relief in the trial court to no avail. The People filed no opposition. In light of our decision to reverse that order and strike the $1,200 victim restitution award, we grant defendant's application. (Cal. Rules of Court, rule 8.312(d).) The stay is effective immediately and shall remain in effect until the judgment is final. Once the judgment is final, the stay is vacated.

**DISPOSITION**

The victim restitution order is reversed and the judgment is modified to strike the $1,200 victim restitution award. Defendant's application to stay execution of the direct

7

restitution order is granted and is effective immediately.  The stay shall remain in effect until the judgment is final.  Once the judgment is final, the stay shall be vacated.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


                                      _____BUTZ_____ , J.


We concur:


_____BLEASE_____ , Acting P. J.


_____RENNER_____ , J.

8